IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK DEAN PEARSON,<br><br>    Petitioner,<br><br>    vs.<br><br>D. SISTO,<br><br>    Respondent.<br>_____/ | No. CIV S-07-2071-MCE-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are petitioner's applications for leave to proceed in forma pauperis (Docs. 2 and 5).  Petitioner has not, however, submitted a ". . . certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases.  This requirement may be satisfied by having the appropriate prison official complete the certificate portion of the form application or by submitting a certified copy of petitioner's prison trust account statement.

/ / /

On October 4, 2007, and October 18, 2007, the court issued orders providing petitioner the opportunity to submit the required certification or the appropriate filing fee. Petitioner was warned that failure to comply with this order may result in the dismissal of this action. See Local Rule 11-110.  On October 29, 2007, petitioner submitted a letter to the court indicating that he submitted the required certification to prison officials on October 10, 2007, for mailing to the court.  The docket, however, reflects that the only documentation received from petitioner since the October 18, 2007, order relates to petitioner's consent to magistrate judge jurisdiction.  No certification has ever been received.  On December 28, 2007, the court provided petitioner one last opportunity to submit the required certification within 30 days.  Plaintiff still has not complied.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of petitioner's failure to resolve the fee status for this case as directed, the court finds that dismissal of this action is appropriate.
///

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE